# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY SIMONTON, JR.**, | : | **CIVIL ACTION NO. 1:09-CV-0233** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **FRANKLIN TENNIS, et al.**, | : | |
| Defendants | : | |

## **MEMORANDUM**

Plaintiff Terry Simonton, Jr. ("Simonton"), a Pennsylvania state inmate who, at all times relevant, was incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania, commenced this civil rights action on February 5, 2009. (Doc. 1.) Named as defendants are nine Pennsylvania Department of Corrections ("DOC") officials and employees: Franklin Tennis, Superintendent assigned to SCI-Rockview; Brian Thompson, Deputy Superintendent, SCI-Rockview; Robert Marsh, Deputy Superintendent, SCI-Rockview; D. Woodring, Medical Department Supervisor at SCI-Rockview; Jeffrey Rackovan, Grievance Coordinator assigned to SCI-Rockview; W. Williams, grievance officer at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"); Grievance Officer Cindy Watson, SCI-Camp Hill; Desk Sergeant Brian, SCI-Rockview; Lieutenant Graham, "Roving Supervisor" at SCI-Rockview. (Doc. 1, at 2, ¶¶ A-L.) Presently before the court is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) filed on behalf of defendants:

Rackovan, Williams, Watson and Woodring. (Doc. 11.) In Simonton's response brief, he states that he "does not oppose a partial judgment as to defendants Woodring and Williams." (Doc. 14, at 1-2, ¶ 1). The motion will therefore be granted as to these defendants. He "strongly opposes" judgment being entered in favor of defendants Rackovan and Watson. (Id. at ¶ 2.) The motion will be considered on the merits as to these defendants and, for the reasons discussed below, will be granted.

I. **Allegations Relevant to Defendants Rackovan and Watson**

Simonton alleges that on April 12, 2008, from behind the safety of the mesh screening surrounding the unit desk, defendants Brian and Graham continually provoked inmate Seaman. (Doc. 1, at 4, ¶¶ 8, 9.) "The continued provoking of this inmate caused petitioner to be brutally attacked by [inmate] Seaman cousing [sic] serious bodily harm to this petitioner." (Id. at ¶ 9.) Moving defendants Rackovan and Watson are sued in their capacities as grievance officers. Specifically, defendant Rackovan is sued for "his continued failure to properly investigate petitioners [sic] claims as well as rubber stamping all decisions of grievances written against petitioners [sic] grievances." (Id. at 3, ¶ 5.) Defendant Watson is sued for "her repeated denials of petitioners [sic] grievance appeals, and her willful disregard to properly investigate petitioners [sic] claims as listed in his grievances." (Id. at 4, ¶ 7.) Both defendants are sued in their official and personal capacities.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed but within such time as to not delay the trial." FED. R. CIV. P. 12(c). The motion is decided under the same standard as that for a motion to dismiss under FED. R. CIV. P. 12(b). See Spruill v. Gillis, 372 F.3d 218, 223 n. 2 (3d Cir. 2004) ("There is no material difference in the applicable legal standards.") When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

## III. Discussion

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp.2d 361, 372 (M.D. Pa. 2001). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); see Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Hampton v.

3

Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Such allegations, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08. Further, the United States Court of Appeals for the Third Circuit requires a defendant's contemporaneous, personal knowledge and acquiescence, in order to establish personal knowledge.

Inmates do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 137-138, (1977); Speight v. Sims, 238 Fed. App'x 880, 881 (3d Cir. 2008) (citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir.2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Further, participation in the after-the-fact review of a grievance or appeal is insufficient to establish personal involvement on the part of those individuals reviewing grievances. See Rode, 845 F.2d at 1208 (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir.2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, at *2 (M.D.Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent

4

administrative appeal does not establish personal involvement); Presly v. Blaine, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D.Pa. May 17, 2006) (" '[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern." (citing Garfield v. Davies, 566 F. Supp. 1069, 1074 (E.D. Pa.1983))). It is clear that defendants Rackovan and Watson were not personally involved in the underlying alleged unconstitutional conduct and their review of Simonton's grievances is insufficient to establish personal involvement. Consequently, the motion for partial judgment on the pleadings will be granted with respect to these defendants.

## IV. Conclusion

Based on the foregoing, defendants' motion for partial judgment on the pleadings (Doc. 11) will be granted. An appropriate order follows.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: January 22, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRY SIMONTON, JR.,** | : | **CIVIL ACTION NO. 1:09-CV-0233** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **FRANKLIN TENNIS, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 22nd day of January, 2010, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 11) for partial judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) filed on behalf of defendants Rackovan, Williams, Watson and Woodring, is GRANTED.

2. Entry of judgment is DEFERRED pending final disposition of this matter.

3. The Clerk of Court is directed to TERMINATE these defendants.

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge